**Maria LENTO, Plaintiff-Appellant,**

v.

**DELAWARE, LACKAWANNA & WESTERN RAILROAD COMPANY, Defendant-Appellee.**

**No. 372, Docket 30722.**

United States Court of Appeals Second Circuit.

Argued March 6, 1967.

Decided March 15, 1967.

---

1. 38 Stat. 275 (1922), as amended, 21 U.S.C. § 174 (1964).

Maria Lento, pro se.

Raymond H. Branda, New York City (William J. Pallas, New York City, on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, and WATERMAN and SMITH, Circuit Judges.

PER CURIAM.

Maria Lento, a citizen and resident of West New York, New Jersey, appeals from a judgment of the Southern District of New York which dismissed her diversity negligence suit for damages which she suffered in leaving a train at the Hoboken railroad terminal. Judge Palmieri tried the case without a jury and dismissed the complaint on two grounds: first, that the defendant had not been negligent and that the plaintiff had been contributorily negligent; second, that the requisite diversity was lacking under 28 U.S.C. § 1332, as the railroad's principal place of business was New Jersey at the time the action was commenced. We affirm the judgment on both grounds.

After a trial, during which the plaintiff was represented by counsel, Judge Palmieri found that Mrs. Lento was attempting to jump free of the train as it was moving out of the station when she fell and was injured on February 14, 1960. The testimony of a passenger, William L. Petty, who was a chemical engineer and whom Judge Palmieri found to be a credible and disinterested witness, was that after the train started up and was in motion Mrs. Lento ran to the end of the aisle and disappeared through the doorway at the end of the car. The applicable standard of the New Jersey law, 48 N.J.S.A. § 12–152, provides that "[a]ny person injured * * jumping on or off a [railroad] car while in motion shall be deemed to have contributed to the injury sustained and shall not recover therefor any damages. . . ." We have examined the minutes of the trial which, besides the testimony of Mrs. Lento and Mr. Petty, includes that of three trainmen and the engineer. The record fully sustains the conclusions of the trial judge.

The trial judge quite properly noted that the requisite diversity jurisdiction was lacking, as it appeared from the nature and extent of the railroad's business in the State of New Jersey, that that state was the railroad's principal place of business at the time that the suit was commenced. Accordingly, the federal court had no jurisdiction to hear this suit brought by a citizen of New Jersey.

Affirmed.